# LAURA MARIX

## *v.*

# BASILIO ACEVEDO.

---

San Juan Law, No. 1296.

ON MOTIONS BY EACH SIDE FOR JUDGMENT.

Reivindicacion—Ejectment.

1. Reivindicacion is the Porto Rican equivalent for the American ejectment, eliminating all fictitious proceedings.

Reivindicacion—Proof of Plaintiff's Title.

2. Under the Torrens Registration Law the title to this property begins in 1896, and is based upon a civil marriage during the military occupation. The contracting parties agreed to a joint tenancy under which ownership passed to the survivor.

Reivindicacion—Possession of Defendant.

3. The defendant having disclaimed, the plaintiff must prove possession in the defendant. The defendant showing that he has other property shows nothing on this point.

Reivindicacion—Damages.

4. There being little satisfactory evidence of damages, even for four years preceding, the court awards $500 damages.

Opinion filed January 13, 1921.

---

*Mr. O. B. Frazer* for plaintiff.

*Messrs. Wood* and *Perez Almiroty* for defendant.

NOTE.—On The Torrens Law, see note in L.R.A.1916D, 14, et seq.

Marix v. Acevedo.

HAMILTON, Judge, delivered the following opinion:

This case is a peculiar one. I do not remember one exactly like it, in that the defendant practically disclaims possession and later on defends the case. It is peculiar in two ways. It is peculiar that the defendant should take that course, and it is peculiar that the claimant should not take possession on the disclaimer and go ahead and be put in possession. Neither motion has been opposed from that point of view, and I have to take the case as it stands.

This is a suit called ejectment in English, in Spanish known as "reivindicacion." They are substantially the same, although the fictitious elements are eliminated in the latter as in modern forms of ejectment also. In the first place "reivindicacion" is to be distinguished from "deshaucio," which applies to possession only. In view of the fact that he did not bring the other, he has properly brought a "reivindicacion." There may be a defense in reivindicacion of prescription for ten years, the parties being present in the Island, but that can be set up only by a defendant who is in possession, because, according to the Code, it must be based upon possession of ten years. The defendant having disclaimed, of course he could not interpose that defense; he has not interposed it, and I mention it now simply to show it could not come in under the pleadings in this case and therefore properly no attempt was made to bring it in. So that is out of the case. How it might have affected the case it is unnecessary to determine.

Passing from that, then, to the second and real gist of the case, the plaintiff has to prove his own title, possession of the defendant—which is sometimes spoken of as "vindicacion"

of the property—and also in this particular case damages. I am using the general English expression, not the technical Spanish expression, but they are in effect the same. Has the plaintiff proved his title? In the first place, there is a question of whether much has to be done about that when the defendant does not deny and does not put himself in condition to deny the title. As he disclaims all interest in the land, it would seem immaterial to him whether the plaintiff has title or not. It seems that the plaintiff has gone on and proved her title, that is to say, the title for the purposes of this case begins with the registration in 1896. That registration cuts out the necessity for any previous examination of title, and I might add that it shows the superiority in some respects of the Porto Rican procedure to the general American procedure. If this suit was brought in Alabama you would, as to any question of title at all, have to prove the title back to the government, that is to say, back to 1813, and it makes a voluminous record, and if there was any defect in it, the whole thing will fail, so far as title is concerned. But the admirable law we have here, the Torrens Registration Law, obviates this necessity. So we can begin, and do begin in this case with a title in 1896; and that seems to be all that is required by law. The title then is good at the inception; does the plaintiff connect herself with it? It seems there was a marriage during the American military occupation and under the military orders it was a valid marriage, although it was not, according to the Spanish civil law at that time, as it was a civil marriage. It was a marriage before the French consul, but it was validated by military order as long as military occupation existed, or rather for all purposes

connected with marriage during the military occupation is absolutely correct.

Now as to the question of marriage contract; that was made apparently according to the French law, but it seems to be valid also under the Spanish code,—that is to say, the Spanish code as then existing allowed parties to make an antenuptial contract, a marriage contract. That being true, as I take it to be true, what was this contract? It was in effect a joint and several contract. The survivor was to enjoy the whole, that is, in common law it would be a creation of joint tenancy, and so far as I am advised there is no Spanish law against this. When the husband died the property went to the surviving spouse, just as if she had died it would have gone to him. So the title seems to have been satisfactorily shown.

The next requisite for the plaintiff to show is the possession of the defendant. The defendant disclaims possession, and in order to go on with the suit regularly the plaintiff has to show that this is not true. That is the crux of the case, and it is difficult to say whether it has been fully proved or not. The defendant does not introduce much evidence on the subject except to show that he owns some other property, which of course might be. He might own fifty other pieces of property without throwing any light upon the question as to whether he owns this or is in possession of this piece. The plaintiff herself goes on the stand, takes a map, and seems to identify the property pretty fully as of 1896 or thereabouts. Unless there has been an earthquake or something of the sort, the land must be pretty much the same as in 1896. There are other witnesses. On the whole, it seems to me, sitting as a jury, not being required by the rules as to specific performance to get

Marix v. Acevedo.

at the preponderance of the evidence beyond any doubt, or to get down to fine points, it seems to me possession has been shown in the defendant of the land sued for. So much for that. The next point would be as to damages. There would be some interesting law if the defendant had pleaded that he is in possession under a valid title. Bona fides would come in, that is, possession under an apparent title. As he does not plead this, those points do not arise. The question is as to what damages the plaintiff has proved. The plaintiff's counsel seems to admit that the proof was shadowy as to the early part of the possession, from 1896 down to 1917, and in his turn disclaims any damages for that period. So that time will be eliminated. The question is as to the past four years. Did the plaintiff or her witnesses prove damages during the past four years? It seems to me that very little has been shown. The plaintiff proved something as to value of possession in 1896, perhaps as to what it was up to 1908 and 1909, but the argument on the evidence shows that it was somebody else who put her out of possession, not the defendant; Micheo perhaps; perhaps it was John Smith; it might have been anybody. From 1908 to 1917, pretty near ten years, somebody else seems to have been in possession of this property. Whoever was in possession of it might have cut off all the timber of it, every coffee bush, might have cut down all the bananas and plantains and so forth, and the evidence is not at all satisfactory to my mind what the defendant did get off this land during the past four years, or for that matter what he could have gotten off of it during the past four years. It looks to me as if it were almost a matter of nominal damages for that time, and upon the whole I do not

Marix v. Acevedo.

recollect from the evidence more than enough to justify, say one hundred dollars or so for each year.

So the judgment of the court is that the plaintiff is entitled to possession and will be put into possession of the property by the marshal of this court and will recover of the defendant the sum of five hundred dollars ($500) as damages and costs.

It is so ordered.